UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NICOIS MEGALE SMITH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**GRADY COUNTY CRIMINAL JUSTICE** )<br>**AUTHORITY, et al.,** )<br>)<br>**Defendants.** ) | No. CIV-25-3-R |

## ORDER

Plaintiff, a prisoner proceeding *pro se*, asserts violations of his constitutional rights under 42 U.S.C. § 1983 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff moved to proceed *in forma pauperis* [Doc. No. 6]. The financial affidavit included in his Motion indicated that his average monthly account balance was $549.60, and the average monthly deposits into his account totaled $77.50 [Doc. No. 6-1]. Judge Erwin therefore granted Plaintiff's Motion, but ordered him to pay an initial filing fee of $15.50 by March 17, 2025 [Doc. No. 7 at p. 2]. Plaintiff did not pay the initial filing fee. Judge Erwin issued a Report and Recommendation [Doc. No. 9] recommending dismissal of Plaintiff's Complaint without prejudice for failure to pay the initial filing fee as ordered by the Court. Doc. No. 9 at p. 3.

Judge Erwin informed Plaintiff of his right to object to the Report and Recommendation, and advised that if he failed to object by April 14, 2025, his right to appellate review of the factual and legal questions contained therein would be waived. *Id*.

1

Plaintiff timely filed two objections and a supplemental financial affidavit to the Report and Recommendation [Doc. Nos. 10, 11, 12]. The Court conducts a *de novo* review on those portions of the Report and Recommendation to which a specific objection is made.

The crux of Plaintiff's objections is that he cannot access the money purportedly in his account to pay the initial partial filing fee. His attachment of an updated financial affidavit indicates that he also challenges the reasonableness of the amount of the initial filing fee. Neither argument is persuasive.

First, when Judge Erwin issued the Order requiring an initial filing fee, the fee amount was 20 percent of Plaintiff's average monthly deposits. *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) (citing 28 U.S.C. § 1915(b)(1)-(2), which permits the imposition of an initial filing fee of 20 percent of the greater of a prisoner's average monthly deposits or the average monthly balance in the prisoner's account for the six months prior to the filing of the complaint). The latest affidavit postdates Plaintiff's deadline to pay the initial filing fee, and is therefore irrelevant to this Court's instant determination.

Second, Plaintiff contends that individuals deposit money exclusively into his commissary account, which he cannot access to pay an initial filing fee. In Plaintiff's view, this renders his account balance misleading. But this is an issue to be resolved between Plaintiff and the individuals sending him money. It is not relevant to the Court's instant determination.

Accordingly, the Court ADOPTS the Report and Recommendation. Plaintiff's Complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 13th day of May, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE